DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,

v.

SUN SHIPBUILDING & DRY DOCK COMPANY, Respondent.

No. 78–2512.

United States Court of Appeals, Third Circuit.

Argued June 5, 1979.

Decided June 25, 1979.

Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Gilbert T. Renaut, Atty., U. S. Dept. of Labor, Washington, D. C., for petitioner.

Thomas J. Ingersoll, Deasey, Scanlan & Bender, Ltd., Philadelphia, Pa., for respondent.

Before ALDISERT, GIBBONS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

The Director, Office of Workers' Compensation Programs, United States Department of Labor, petitions, pursuant to § 21(c) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c) (1976), for review of a decision of the Benefits Review Board in *Frame v. Sun Shipbuilding & Dry Dock Co.*, 8 BRBS 855 (1978). That decision affirmed a decision of an administrative law judge that Sun Shipbuilding was entitled to relief from full compensation by reason of the applicability of the special fund provisions of § 8(f) of the Act, 33 U.S.C. § 908(f) (1976). We deny the petition for review.

On September 1, 1964, Frame, in the course of employment with Sun Shipbuilding, injured his back. After surgery he retained some degree of permanent partial disability, manifest to his employer. The employer assigned him to lighter work, but

did not pay compensation for permanent partial disability. On October 20, 1975, a new foreman, unaware of his partial disability, assigned Frame to heavier work. He sustained an aggravation of his back condition, and is now permanently and totally disabled. The administrative law judge found, and it is now undisputed, that but for the preexisting condition resulting from the 1964 injury the 1975 aggravation would not have caused permanent total disability. That finding, the administrative law judge concluded, entitled Sun Shipbuilding to a limitation of its liability to Frame for compensation to one hundred four weeks, with the § 8(f) special fund liable to Frame for the excess. It has been, and continues to be, the Director's basic position that § 8(f) was never intended to apply when the second injury is an aggravation of the first. We have rejected that interpretation of § 8(f). *Director, OWCP v. Universal Terminal & Stevedoring Corp. (De Nichilo)*, 575 F.2d 452 (3d Cir. 1978); *Atlantic & Gulf Stevedores, Inc. v. Director, OWCP (Aleksiejczyk)*, 542 F.2d 602 (3d Cir. 1976); *Nacirema Operating Co. v. Benefits Review Board (Fulton)*, 538 F.2d 73 (3d Cir. 1976). While the Director recognizes that those cases may not be reconsidered by this panel, he urges that for two reasons they should in this instance be distinguished.

■ First, the Director contends that Sun Shipbuilding should be denied the protection of § 8(f) because, although it paid compensation for the 1964 injury, it did not pay compensation for it as a permanent partial disability. Instead, after a period of compensated recuperation, it returned Frame to employment. The Director's argument is that the availability of § 8(f) relief provides an employer with an incentive to return a permanently disabled worker to work rather than acknowledge permanent liability for compensation for the first injury. But, as we observed in *De Nichilo* and *Aleksiejczyk, supra,* the very purpose of § 8(f) was to encourage employment of disabled but employable workmen. We are at a loss to comprehend why when an employer yields to that encouragement he should be disadvantaged. The fact that by providing employment an employer deprived the injured worker of proof of economic disability in no way violates, but is consistent with, the policy of § 8(f). *See C. & P. Tel. Co. v. Director, OWCP,* 184 U.S. App.D.C. 18, 28, 564 F.2d 503, 513 (1977). In the *De Nichilo* and *Aleksiejczyk* cases the Director took the position, which we rejected, that § 8(f) applied *only* if an employee suffered in the first injury an economic disability. Now the Director appears to be taking a slightly different tack in order to reach the same result; namely, excluding from coverage employers who retain employees, and thereby eliminate economic disability.

■ Next, the Director urges that § 8(f) should not apply when the employer at the time of the first and second injuries is the same. By permitting the employer to return a permanently disabled worker to the labor force, the argument proceeds, the court is disregarding the indirect economic incentive toward safety in the workplace which is one policy justifying workmen's compensation liability. This argument is nothing less than a dispute with Congress over the wisdom of § 8(f)'s policy of encouraging retention in the workforce of previously injured workmen. No doubt maximum safety in the workplace would be achieved by screening out from employment those workers with a potential for the aggravation of preexisting disabilities. But Congress, when it enacted § 8(f), struck a different balance. It encouraged employers to expose themselves to some liability for such aggravations by limiting this liability to one hundred four weeks of permanent disability, while providing the previously disabled with coverage under the special fund.[1]

---

1. The Supreme Court has in the past looked to state law as an aid to the interpretation of § 8(f), *see, Lawson v. Suwannee S.S. Co.,* 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949). We therefore are confirmed in this interpretation by the fact that in those jurisdictions where this issue has arisen under comparable provisions of state law the courts have unanimously

The Benefits Review Board rejected both of the Director's arguments against the applicability of § 8(f). No other contentions are advanced in the petition for review. Since we agree with the Benefits Review Board, the petition for review will be denied.

held that recovery may be had against the second injury fund. *Day & Zimmerman v. George*, 218 Kan. 189, 542 P.2d 313 (1975); *Koski v. Erie Mining Co.*, 300 Minn. 1, 223 N.W.2d 470, 474 (1974); *Weisman v. E'Con Mills, Inc.*, 517 S.W.2d 191 (Tenn.1974); *Young v. Floyd County Mining Engineering Co.*, 460 S.W.2d 838, 841 (Ky.App.1970).