657 F.2d 665
 MISSISSIPPI COAST MARINE, INC. and United States Fidelity &
Guaranty Company, Petitioners,
v.
Herman E. BOSARGE and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 78-2375.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 23, 1981.
 
 White & Morse, Paul M. Franke, Jr., Gulfport, Miss., for petitioners.
 Hurlbert, O'Barr & O'Barr, Bobby O'Barr, Biloxi, Miss., Joshua T. Gillelan, II, Atty., U. S. Dept. of Labor, Washington, D. C., for respondents.
 Petition for Review of an Order of the Benefits Review Board.
 ON SUGGESTION FOR REHEARING EN BANC
 Before GODBOLD, Chief Judge, SIMPSON and THOMAS A. CLARK, Circuit Judges.
 THOMAS A. CLARK, Circuit Judge:
 
 
 1
 No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16), the suggestion for Rehearing En Banc is DENIED.
 
 
 2
 In its suggestion for rehearing en banc the employer properly points out that a portion of our original panel opinion appearing at 637 F.2d 994 (5th Cir. 1981) needs clarification and correction. Accordingly, the panel, sua sponte, has determined that a modification of our earlier opinion is in order. At 637 F.2d 994, 1000-01, we discuss the employer's liability for payment of all of the disability benefits to which Bosarge is entitled and deny the employer the benefit of the disability fund created by 33 U.S.C. § 908(f) (1976). Since our opinion speaks more broadly than necessary in answering one of the issues presented to us, we modify the opinion to answer more narrowly this one aspect.
 
 
 3
 Mr. Bosarge suffered his job-related heart attack on April 21, 1973. After recuperating, he returned to his work for Mississippi Coast Marine on July 16, 1973, and remained there three months when he left for a higher paying job with another employer. The record does not reflect payment for any permanent partial disability to Bosarge immediately following the April 21, 1973, accident. Thus there was no adjudication at that time of a permanent partial disability. On Saturday, January 11, 1975 (twenty-two months after the first heart attack), Bosarge suffered a second heart attack, was immediately hospitalized, and became totally disabled as a result of a series of successive heart attacks. The factfinder, based on credible evidence, found that the permanent disability had as its cause the original job-related heart attack during Bosarge's employment with Mississippi Coast Marine. The narrow issue considered by us is whether the employer is to receive the benefit of the disability fund established by Congress.
 
 
 4
 Most states, and Congress in this legislation, have established such disability funds to encourage employers to hire partially disabled employees. An employer's risk of paying employee disability benefits is increased under such a circumstance. The disability funds have been created to pay a portion of the benefits to which an employee is entitled when he sustains a recurrence of a disability that preexisted his employment. By way of example in the present case, if Bosarge had sustained his first heart attack before going to work for Mississippi Coast Marine, and this was known to the employer when hiring him, the employer would gain the benefit of the disability fund if Bosarge then sustained his totally disabling heart attack while working for Mississippi Coast Marine. In practical terms, Mississippi Coast Marine's liability would be limited to paying benefits for twenty-four months and the disability fund would pay all benefits in excess thereof. The policy reason for encouraging employers to hire partially disabled workers would have been fulfilled.
 
 
 5
 The employer in this case and in its suggestion for rehearing en banc urges that if an employer retains an employee after the employee sustains an injury leading to partial disability, and thereafter the employee sustains a second injury resulting in total disability, the employer should receive the benefit of the disability fund by virtue of the retention of the employee. The point is made that an employer who retains a partially disabled employee should receive the same benefit as an employer who hires a partially disabled employee. The employer relies on such cases as Director, Office of Workers' Compensation Programs, United States Department of Labor v. Sun Shipbuilding and Dry Dock Co., 600 F.2d 440 (3d Cir. 1979), and Director, Office of Workers' Compensation Programs, United States Department of Labor v. Potomac Electric Power Co., 607 F.2d 1378 (D.C.Cir.1979). The employer argues that our original opinion conflicts with the holdings of these two cases. Our factual situation is different from those presented in the two cited cases, but to the extent to which our original opinion might be construed to be in conflict with those cases it is hereby modified and withdrawn. Since that is not our issue we do not wish to speak to it.
 
 
 6
 In the facts before us the employer temporarily retained Bosarge, who then voluntarily went elsewhere for greater pay, and who thereafter suffered the successive and disabling heart attacks. The record does not suggest that Bosarge was working at the time he sustained the second heart attack. Neither does the record suggest that Bosarge was "partially disabled" as the result of the first heart attack. Should the employer be limited in his liability for benefits because he retained Bosarge after the first injury, but was not the employer of Bosarge at the time the heart condition ripened into total disability?
 
 
 7
 We hold that in this case the disability fund is not liable for payment of any of Bosarge's disability benefits. There are several reasons for so holding, any one of which would suffice. Bosarge was not a partially disabled employee when retained by Mississippi Coast Marine, Inc. Bosarge was not an employee of the company when he sustained the permanently disabling heart attacks in 1975. The compensation awarded Bosarge in this case is for, and relates back to, the April 21, 1973, accident. The January, 1975, and subsequent heart attacks were not job related to any subsequent job held by Bosarge, but were related only to the first heart attack injury. This is not a case involving a subsequent aggravation of a permanent partial disability. The purpose of the disability fund could be perverted if an employer could retain an employee a few months after an injury, and twenty-two months later claim credit from the fund because of the temporary retention.
 
 
 8
 As thus modified, our previous panel opinion is reinstated.
 
 
 9
 The suggestion for rehearing en banc is DENIED.