679 F.2d 81
 AMERICAN BRIDGE DIVISION, U. S. STEEL CORPORATION, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, and Harvey J. Carroll,
Respondents.
 No. 81-4247.
 United States Court of Appeals,
Fifth Circuit.
 June 25, 1982.
 
 Kyle Wheelus, Jr., Beaumont, Tex., for petitioner.
 Janet R. Dunlop, U. S. Dept. of Labor, Joshua T. Gillelan, II, Washington, D. C., for respondents.
 Petition for Review of an Order of the Benefits Review Board.
 Before RUBIN, REAVLEY and TATE, Circuit Judges.
 TATE, Circuit Judge:
 
 
 1
 This petition for review raises a narrow issue of agency procedure. The petitioner challenges an agency rule that requires a party to raise an issue before or at the initial hearing; in the absence of timely raising, the issue will not subsequently be considered. We find no impropriety in the rule or in its present application, and we therefore affirm.
 
 
 2
 By its petition for review of the award of longshoremen's-harbor workers' benefits, the employer ("American Bridge") questions solely the denial of its motion for reconsideration of an award for total permanent disability.[1] By this motion, American Bridge raised an issue that its liability for compensation should be limited under section 8(f);[2] this statutory section provides for partial payment of benefits due from a "special (second injury) fund" under certain circumstances where a pre-accident partial disability contributes to the present compensable disability.[3] The Benefits Review Board held that the raising of such issue was untimely, since not raised or litigated at the hearing of the claim before the Administrative Law Judge ("the ALJ").
 
 
 3
 By its present petition for review, (1) American Bridge challenges the Board's procedural rule-i.e., that issues not noticed before the hearing or (at least) raised during it are waived-as inappropriate or unfair where a section 8(f) limitation of liability is concerned, and (2) it additionally contends that, at any rate, the Board should have remanded the issue to the ALJ in the interests of justice under the present circumstances, where allegedly American Bridge was procedurally misled by administrative employees or by prior administrative practice. Finding neither contention has merit, we affirm.
 
 The Rule
 
 4
 The procedure for the determination of claims under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. (the "Act") is set forth at 20 C.F.R. §§ 702.101-.394. With regard to contested claims, initially there are informal procedures conducted by the deputy commissioner. §§ 702.261-.316. If the dispute is not thereby resolved, and if any party requests a hearing, the deputy commissioner transfers the case for formal hearing to the Office of the Chief Administrative Law Judge, §§ 702.316, .331, and the case is assigned for formal hearing before an ALJ, § 702.332. In preparation of the transfer for formal hearing, each party is required to complete a pre-hearing statement form, § 702.317, in which each party is required to state the issues he will present for resolution at the formal hearing.[4] The formal hearing is based upon the issues as presented by the pre-hearing statement forms, § 702.331, but if, during the course of the formal hearing, an issue not previously considered is presented by the evidence, the hearing may be expanded to include this new issue. § 702.336.[5]
 
 
 5
 In accordance with this procedural scheme, the Board has held to be untimely an employer's post-hearing request for section 8(f) limitation of its liability, where the employer could have requested section 8(f) relief at the formal hearing, but failed to do so. The Board has ruled that the applicability of section 8(f), absent compelling circumstances, must be raised and litigated at the formal hearing of a claim for permanent disability. See General Dynamics Corp., etc. v. Director, Office of Workers' Compensation, 673 F.2d 23, 26 (1st Cir. 1982); Avallone v. Todd Shipyards Corp., 13 BRBS 348, 350, BRB Nos. 79-647, 79-647A, petition for review denied, 672 F.2d 901 (2d Cir. 1981); Wilson v. Old Dominion Stevedoring Corp., 10 BRBS 943, 944 BRB No. 78-636 (1979); Tibbetts v. Bath Iron Works Corp., 10 BRBS 245, 252, BRB No. 78-259 and 78-259A (1979); Egger v. Williamette Iron & Steel Co., 9 BRBS 897, 899 BRB No. 78-322 (1979).[6]
 
 
 6
 American Bridge contends that when this rule is applied to an employer contesting disability at the initial hearing, he is unfairly burdened with proving inconsistent and irreconcilable defenses that both (a) must dispute any disability at all and (b) also must prove that part of the disability is attributable to pre-accident cause.
 
 
 7
 The Board rejected American Bridge's contention that it should therefore reconsider its rule with regard to claims of section 8(f) limitations. In doing so, the Board relied upon "the well-established practice that a party may state its claims or defenses alternatively or hypothetically, and may also state as many separate claims or defenses as he has, regardless of consistency. See Fed.R.Civ.Pro. 8(e)(2)." Carroll v. American Bridge Division, 13 BRBS 759, 760-61, BRB No. 79-522 (1981) (BRB Decision and Order, p. 4). In the case of the cited federal rule, the aim was to afford a flexible procedural basis to permit full presentation of all relevant facts and legal theories at trial and to facilitate the final settlement of the dispute on its merits at that trial. 5 Wright & Miller, Federal Practice & Procedure, §§ 1282, 1283; see also § 1202 (1969).
 
 
 8
 The Board's rule thus requires raising all issues pre-hearing, so that they may all be decided at a single hearing. It is essentially based upon the same reasons of adjudicatory efficiency and fairness as is Fed.R.Civ.P. 8. We find no sound reason supporting the present employer's contention that this rule of the Board is somehow improper or beyond the Board's statutory authority or discretion in adopting administrative procedures to facilitate the resolution of disputes entrusted to it by law.
 
 
 9
 Remand Under the Present Circumstances?
 
 
 10
 American Bridge alternatively contends that, in any event, in the interests of justice its section 8(f) claim should be remanded for further hearing because of several allegedly extenuating circumstances. Upon examination, none of them have merit.
 
 
 11
 First. American Bridge contends that the rule should not be applied to this case, because it was first adopted by Egger (1978), supra, which had not been published at the time of the hearing and the ALJ, who knew of Egger, failed to disclose this fact.
 
 
 12
 In the first place, Egger did not involve a situation where the section 8(f) issue had not been noticed before a hearing. There, it had been noticed but, after some discussion at the hearing, was withdrawn and not considered by the ALJ. In Egger, the Board refused to hold that, under these circumstances, the employer had thereby waived the application of section 8(f), and it therefore in the interests of justice ordered a remand for consideration of the merits of the section 8(f) relief requested. The Board also then held, apparently to prevent future such misunderstandings, that "it is improper to bifurcate hearings on issues that can be litigated at one hearing. In any case in which the application of section 8(f) is an issue, we hold that hereafter the issue must be raised and litigated at the first hearing of the case." Egger, supra, 9 BRBS at 899.
 
 
 13
 The thrust of the opinion was to indicate disapproval of the practice of pretermitting the decision of the section 8(f) issue to a post-adjudication section 22 hearing, see note 6; but this ruling was in the context of an assumption that the section 8(f) issue had been noticed for the hearing. The Board's ruling did not intimate that, even prior to Egger, a section 8(f) claim was waived if it had not been raised at the formal hearing.
 
 
 14
 Nor can we find any support for American Bridge's contention that, prior to Egger, the accepted procedure was a bifurcated hearing, with the section 8(f) issue being considered only after the disability issue had been determined.[7] From a random reading of decisions involving claims under the Act, it seems apparent that it was a usual procedure to raise the section 8(f) defense or claim for determination at the same formal hearing at which disability was determined. See, e.g., Bosarge v. Mississippi Coast Marine, Inc., 8 BRBS 224, 225, BRB No. 77-465 (1978), affirmed, Mississippi Coast Marine, Inc. v. Bosarge, 637 F.2d 994, modified, 657 F.2d 665 (5th Cir. 1981).[8]
 
 
 15
 Second. American Bridge next contends that the case should be remanded under the "special circumstances" exception of Tibbets and Egger, where the section 8(f) issue was raised or specifically noted at the formal hearing, but the employer was procedurally misled because of the ALJ's action or his failure to correct the employer's obviously mistaken view as to the availability of the section 8(f) limitation. Here, although American Bridge had belatedly raised the section 8(f) issue before the deputy commissioner, it did not, in its pre-hearing statement (LS-18), notice this as an issue for determination at the formal hearing; accordingly, no information as to the (seemingly abandoned) section 8(f) claim was forwarded by the deputy commission to the ALJ. 20 C.F.R. § 702.317(c), (d). The testimony presented before the ALJ did not implicate the issue: it did not indicate that any of the prior injuries sustained by the claimant had resulted in a "permanent partial disability," one of the prerequisites for the application of section 8(f), see 33 U.S.C. § 908(f)(1). Thus, even if the ALJ could be said to have an affirmative duty under 20 C.F.R. § 702.338 to inform American Bridge that its section 8(f) defense would be waived unless raised, under the present facts the ALJ had no reason to suspect that this employer was proceeding under a misunderstanding as to this issue.
 
 
 16
 Third. American Bridge finally contends that the Tibbets -Egger "special circumstances" exception here applies because, allegedly, two named deputy commissioners had informed this employer (not its attorney) that the claim for section 8(f) limitation of liability should not be asserted until after (and if) the ALJ found the employee to be disabled. This claim was made in allegations of a motion, not supported by affidavits of the American Bridge employee so informed or of the deputy commissioner who allegedly offered this erroneous advice. As the Board pointed out, the only exhibit offered in support of these allegations does not support it. We find no error in the refusal of either the ALJ or the Board to remand on the basis of these unsubstantiated allegations.
 
 Conclusion
 
 17
 Accordingly, we AFFIRM the decision of the Benefits Review Board that the attempt by American Bridge to assert its section 8(f) claim is untimely and that no circumstances are shown that justify a remand to determine this untimely-raised issue.
 
 
 
 [1]
 The Board's decision is reported at Carroll v. American Bridge Division, 13 BRBS 759, BRB No. 79-532 (1981)
 
 
 [2]
 Section 8(f), Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 908(f)
 
 
 [3]
 The purpose of section 8(f) is to prevent discrimination against handicapped employees and to encourage their employment by limiting the liability of the employer who hires a handicapped worker with knowledge of his disability. See, e.g., Mississippi Coast Marine v. Bosarge, 637 F.2d 994, 1000-01, modified, 657 F.2d 665 (5th Cir. 1981)
 
 
 [4]
 See U. S. Dept. of Labor, Office of Workers' Compensation Programs, Form LS-18, "Pre-Hearing Statement."
 If the completed pre-hearing statement forms raises a new or additional issue not previously considered by the deputy commissioner, he may not transfer the case to the Chief Administrative Law Judge until he has issued an additional memorandum or recommendation as to that issue, with an opportunity to the parties to signify their agreement or disagreement therewith. § 702.317(d); see also § 702.316.
 
 
 [5]
 This provision further provides that the ALJ had discretion to allow additional time for preparation of a new issue or, if the issue arises from evidence not considered in the pre-hearing procedure, to remand the case to the deputy commissioner for his evaluation or recommendation pursuant to the informal-conference procedures
 
 
 [6]
 Section 22 of the Act, § 33 U.S.C. § 922, provides that within a specified delay a party may apply for a modification of the award, pursuant to the administrative adjudicatory procedures, based upon "the ground of a change in conditions or because of a mistake in a determination of fact." The Board has indicated that a section 22 request for modification of the original award may be available to afford section 8(f) relief if not previously waived. Avallone v. Todd Shipyards Corp., 13 BRBS 348, 350, n.2, BRB Nos. 79-647 & 79-647A (1981); Wilson v. Old Dominion Stevedoring Corp., 10 BRBS 943, 944, n. 1, BRB No. 78-636 (1979); Egger v. Williamette Iron & Steel Co., 9 BRBS 897, 899, BRB No. 78-322 (1979)
 
 
 [7]
 American Bridge cites us to only one authority for this proposition, Dykes v. Jacksonville Shipyards, Inc., 13 BRBS 75, 77, n. 1, BRB No. 80-131 (1981) (concurring opinion). However, the concurring opinion only stated that prior to the holding in Egger, the Egger parties (i.e., in that case ) believed and agreed that a bifurcated hearing was appropriate; not that it was the established procedure
 
 
 [8]
 See, e.g., Toothaker v. Triple A Machine, 8 BRBS 67, 68 (ALJ), Case No. 78-LHCA-23-S (April 20, 1978); Keeler v. General Dynamics Corp., 5 BRBS 207, 209 (ALJ), Case No. 76-LHCA-1051 (March 21, 1977); Rupalo v. Pittston Stevedoring Corp., 2 BRBS 190 (ALJ), Case No. 75-LHCA-321 (August 7, 1975)