718 F.2d 886
 DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioner,
v.
CARGILL, INC., Northwest National Insurance Co., and Harold
M. Carey, Respondents.
 No. 81-7522.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 5, 1982.
Decided Oct. 5, 1982.
Argued In Banc May 11, 1983.
Remanded to Panel July 1, 1983.
Decided Oct. 18, 1983.
As Amended on Denial of Rehearing Nov. 21, 1983.
 
 Janet R. Dunlop, Cornelius S. Donoghue, Washington, D.C., for petitioner.
 Robert E. Babcock, Lindsay, Hart, Neil & Weigler, Portland, Or., for respondents.
 On Review of Decision of the Director of the Office of Workers' Compensation Program Under the Provisions of 33 U.S.C. Sec. 908(f).
 Before: KILKENNY, SNEED and SKOPIL, Circuit Judges.
 KILKENNY, Circuit Judge:
 
 PROCEDURAL BACKGROUND
 
 1
 The Director of the Office of Workers' Compensation Program (Director) petitioned for review of a Benefits Review Board (Board) decision, 33 U.S.C. Sec. 921(c), which affirmed the findings of the administrative law judge (ALJ) that claimant was totally disabled and eligible for benefits but reversed findings that the employer, Cargill, was not entitled to relief under Sec. 8(f) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Secs. 901 et seq., 908(f) (1978). The panel of this court reversed the Board's decision, holding that Cargill was not entitled to relief unless claimant's pre-existing disability was manifest at the time of initial employment.
 
 
 2
 Subsequently, an in banc panel rehearing was ordered. That panel held that Sec. 8(f) of the Act entitles an employer to relief if the pre-existing contributing disability was manifest prior to the time of the final injury for which the compensation claim is being made. Director, Office of Workers' Comp. Prog. v. Cargill, Inc., 709 F.2d 616 (CA9 1983) (in banc). The panel's decision accords with the holdings in other circuits that have addressed the question. See, e.g., General Dynamics Corp. v. Sacchetti, 681 F.2d 37, 40 (CA1 1982); Director, Office of Workers' Comp. Prog. v. Newport News Shipbuilding & Dry Dock Co., 676 F.2d 110, 114 n. 5 (CA4 1982); Director, Office of Workers' Comp. Prog. v. Sun Shipbuilding & Dry Dock Co., 600 F.2d 440, 442 (CA3 1979); C & P Tel. Co. v. Director, Office of Workers' Comp. Prog., 564 F.2d 503, 512 n. 8 (CADC 1977).
 
 
 3
 The in banc panel has returned the appeal to us with instructions to consider the following issues:
 
 
 4
 (1) whether there was in fact a pre-existing disability;
 
 
 5
 (2) whether any such disability was aggravated as a result of employment; and
 
 
 6
 (3) whether the Board usurped the ALJ's fact-finding function.
 
 
 7
 At the outset, we hold that the Director has standing to petition for review under 33 U.S.C. Sec. 921(c).
 
 STANDARD OF REVIEW
 
 8
 Review of the Board's decision is limited to determining whether that decision is erroneous as a matter of law and whether it adheres to the statutory standard governing the Board's review of the ALJ's factual findings. Bumble Bee Seafoods v. Director, Office of Workers' Comp. Prog., 629 F.2d 1327, 1329 (CA9 1980). The Board must accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence in the record. Director, Office of Workers' Comp. Prog. v. Campbell Indus., Inc., 678 F.2d 836, 838 (CA9 1983), cert. denied, --- U.S. ----, 103 S.Ct. 726, 74 L.Ed.2d 951; 33 U.S.C. Sec. 921(b)(3) (substantial evidence standard).
 
 
 9
 1. PRE-EXISTING PERMANENT PARTIAL DISABILITY.
 
 
 10
 The ALJ found that the claimant did not suffer a disability prior to June 1, 1976. On appeal the Board reversed the ALJ's conclusion as not supported by substantial evidence. In its opinion, the Board cited references in the record demonstrating the claimant's disabled condition and by inference concluded that claimant suffered a disability after June 1, 1976. The express language of the ALJ's opinion, however, did not specifically determine whether the claimant suffered a pre-existing disability between June 1, 1976, and his last day of work in September, 1976.
 
 
 11
 Therefore, in the absence of the ALJ making a specific holding on that issue, we hold that the Board exceeded its authority by concluding that claimant did suffer from such a disability. See, Director, Office of Workers' Comp. Prog. v. Newport News Shipbuilding & Dry Dock Co., 676 F.2d 110, 115 (CA4 1982) (because the aggravation issue was never ruled upon by the ALJ, it was not proper for the Board to rule on the issue).
 
 
 12
 2. MANIFESTATION OF DISABILITY TO EMPLOYER.
 
 
 13
 The ALJ found that since claimant's disability was unknown to both claimant and his doctors, it could not have been manifest to the employer. Clearly, Congress did not intend that all pre-existing conditions come under coverage by the Fund, only those "manifest" to the employer. See generally Dillingham Corp. v. Massey, 505 F.2d 1126, 1128 (CA9 1974). The Board's decision on this issue assumes, however, that there was in fact a pre-existing disability. Likewise, the ALJ's decision on the issue was based on his finding that no pre-existing disability was present before June 1, 1976. It follows that we also remand to the ALJ the question of whether, if it is found that the claimant did suffer from a pre-existing disability, such disability was manifest to Cargill before the time of the final injury for which the compensation claim is being made. See Director, Office of Workers' Comp. Prog. v. Cargill, Inc., 709 F.2d 616, 619 (CA9 1983) (in banc).
 
 
 14
 3. AGGRAVATION OF DISABILITY BY EMPLOYMENT.
 
 
 15
 The ALJ noted in his discussion of whether the claimant's injury arose out of employment that two doctors had agreed that claimant's condition was in part caused by or aggravated by repetitive ladder climbing at work. The Board concluded that this statement constituted a finding by the ALJ and as such, was not supported by substantial evidence.
 
 
 16
 Here, the Board improperly decided an issue not considered by the ALJ. The section under which the aggravation was mentioned is titled "Injury arising out of employment." No mention of the aggravation issue appears in the later section titled "Special fund," where the ALJ addressed Cargill's Sec. 908(f) claim. Therefore, we also remand to the ALJ the issue of whether any such disability was aggravated as a result of employment. See Director, Office of Workers' Comp. Prog. v. Newport News Shipbuilding & Dry Dock Co., 676 F.2d 110, 115 (CA4 1982).
 
 STANDING
 
 17
 The Director is the only party who has a real interest in protecting the financial integrity of the fund; consequently, the ability to petition for review of a Board decision protects the fund against unnecessary payments. Other circuits have adopted this position, Ingalls Shipbuilding v. White, 681 F.2d 275 (CA5 1982); Director, Office of Workers' Comp. Prog. v. Newport News Shipbuilding & Dry Dock Co., 676 F.2d 110 (CA4 1982); Shahady v. Atlas Tile & Marble Co., 673 F.2d 479 (CADC 1982); see also Director, Office of Workers' Comp. Prog. v. General Dynamics Corp., 705 F.2d 562 (CA1 1983) (petition for review granted); Insurance Co. of North America v. Gee, 702 F.2d 411, 413 n. 2 (CA2 1983) (same). This court has recognized without comment the Director's right to petition for review a Board's decision. See, e.g., Director, Office of Workers' Comp. Prog. v. Campbell Indus., Inc., 678 F.2d 836 (CA9 1983), cert. denied, --- U.S. ----, 103 S.Ct. 726, 74 L.Ed.2d 951; Director, Office of Workers' Comp. Prog. v. Todd Shipyards Corp., 625 F.2d 317 (CA9 1980).
 
 
 18
 We hold the Director is a proper person to petition for review of a Board's Decision adversely affecting the fund under 33 U.S.C. Sec. 921(c).
 
 CONCLUSION
 
 19
 (1) We remand the case to the ALJ to make findings of fact: (a) whether claimant had a pre-existing permanent partial disability, (b) whether the disability was manifest to the employer prior to the claimant's final injury, and (c) whether the current disability was aggravated as a result of employment.
 
 
 20
 (2) The ALJ may hold a supplemental hearing if deemed necessary.
 
 
 21
 IT IS SO ORDERED.