**BATH IRON WORKS CORPORATION, Petitioner,**

v.

**DIRECTOR, U.S. DEPARTMENT OF LABOR, Office of Workers' Compensation Programs, Et Al., Respondents.**

No. 98–2023.

United States Court of Appeals, First Circuit.

Heard Aug. 5, 1999.

Decided Oct. 4, 1999.

Kevin M. Gillis, with whom Troubh, Heisler & Piampiano, P.A. was on brief, for petitioner.

G. William Higbee, with whom McTeague, Higbee, MacAdam, Case, Cohen & Whitney, PA, was on brief, for respondent Raymond E. Jones.

Stephen Hessert and Norman, Hanson & DeTroy on brief, for respondent Commercial Union Insurance Companies.

Before TORRUELLA, Chief Judge, LIPEZ, Circuit Judge, and FUSTÉ,* District Judge.

FUSTÉ, District Judge.

Petitioner/Appellant, Bath Iron Works, Inc., challenges a decision of the Benefits Review Board of the United States Department of Labor Office of Workers' Compensation holding it responsible for the payment of ongoing medical benefits and a Special Fund assessment pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–950 (1986). This case is properly before us pursuant to 33 U.S.C. § 921(c). We affirm the Benefits Review Board's determination.

## I.

### Procedural and Factual History

From 1952 to 1978, Respondent/Appellee, Raymond Jones, worked as a pipe

---

* Of the District of Puerto Rico, sitting by designation.

coverer at Petitioner's shipyard in Bath, Maine. During the course of this employment, he was exposed to asbestos, became ill, and filed for workers' compensation benefits.

On January 16, 1981, an Administrative Law Judge ("ALJ") determined that Jones had sustained an occupational disease, asbestosis, as a result of his work as a pipe coverer at the Bath Iron Works shipyard. The ALJ awarded Jones permanent partial disability benefits and medical expenses. The ALJ also granted the employer/insurer relief pursuant to 33 U.S.C. § 908(f), based upon a pre-existing chronic obstructive pulmonary disease that the ALJ determined had combined with the occupational disease to create the disability. The ALJ found that Jones had been exposed to asbestos through March 1978, at which point the employer had transferred him to a different position. Throughout the initial period of exposure to asbestos, Commercial Union Insurance Companies was Bath Iron Works' workers' compensation insurance carrier.

After 1978, Jones was employed with Bath Iron Works in a position which did not expose him to airway irritants and was able to work following the appropriate treatment for his disease. Then, in November 1990, Bath Iron Works changed the location of Jones' workplace. The new work area was poorly ventilated. Due to the paucity of fresh air, Jones' pulmonary condition worsened. Upon the advice of his treating physician, Jones ceased work on February 15, 1991, as he was totally disabled. At this time, Jones filed a Motion for Modification of benefits seeking to change the payments from permanent partial to permanent total disability benefits pursuant to 33 U.S.C. § 922.

A different ALJ held a hearing on Jones' motion on December 1, 1992. Bath Iron Works maintains that Jones' brief for this hearing was the first time that he argued that he had suffered a new injury and that his award should be based upon his average weekly wage at the time when he stopped working in February 1991. The ALJ addressed both of these issues. On May 3, 1993, the ALJ found that no new injury had occurred as of Jones' last date of employment, February 15, 1991, and that, therefore, there was no reason to adjust the date of the award. The ALJ awarded Jones permanent total disability benefits and, once again, recognized the employer's right to relief pursuant to 33 U.S.C. § 908(f). Accordingly, the ALJ ruled that Jones' benefits would continue to be based upon his average weekly wage as determined in the 1981 ALJ decision.

In February 1991, Bath Iron Works ceased its insurance coverage with Commercial Union Insurance Companies and became self-insured for the purposes of workers' compensation coverage.

Jones appealed the 1993 ALJ determination to the Benefits Review Board, claiming that a new injury had occurred as of February 15, 1991 and that he was, therefore, entitled to benefits based upon his higher average weekly salary at that time. On August 12, 1996, the Benefits Review Board held that there was evidence that could result in a finding of new injury in 1991. The Board further held that the ALJ had failed to elucidate fully his reasoning in finding that no new injury had occurred in February 1991. The Board found that the ALJ had not identified, discussed or weighed the relevant evidence and that evidence existed, which if credited, could yield a finding of new injury. The Board, thus, remanded the case, instructing the ALJ to weigh and analyze the evidence further.

Following the Board's remand, the ALJ analyzed additional evidence[1] and reversed his earlier decision on March 3, 1997. In so doing, he first noted that,

---

1. The ALJ considered: (1) a transcript from Jones' treating physician; (2) a First Report of Injury; and (3) a Notice of Controversion, each of which related to a claimed injury in February 1991.

even though he had considered all of the evidence regarding a new injury claim at the time of his original decision, a new injury occurred in February 1991. The ALJ stated he felt such a ruling was necessary "so that the appellate process may go forward." The ALJ awarded Jones benefits for a permanent total disability based upon his salary as of February 15, 1991, and granted the employer relief under 33 U.S.C. § 908(f). This ruling resulted in an increase in Jones' benefits and changed the carrier responsible for the new injury from Commercial Union Insurance Companies to Bath Iron Works. Therefore, Bath Iron Works is now responsible for increased compensation and for the Special Fund assessment.

Bath Iron Works appealed the 1997 ALJ decision to the Benefits Review Board. The Board summarily denied the appeal on August 17, 1998.

Bath Iron Works then filed this Petition for Review on September 15, 1998. Bath Iron Works alleges that the decision improperly assessed it with liability for medical payments and the Special Fund assessment for all periods after February 15, 1991, because the Board exceeded its scope of review in the August 12, 1996 opinion and the subsequent remand. It further contends that this started a chain of events wherein the ALJ erred in interpreting the Board's remand as an instruction to find that a new injury had occurred and adopted it as such without independently making a determination based upon the facts. Additionally, Bath Iron Works maintains that the evidence fails to reasonably establish that a new injury occurred as of February 15, 1991.

## II.

### The Issues

Both issues presently before us concern whether or not a new injury occurred in 1991. The first issue is whether the Benefits Review Board erred in its August 12, 1996 order vacating the ALJ's opinion and

remanding for determination of whether a new injury arose in February 1991, and the second is whether, upon remand, the ALJ erred in finding that a new injury occurred on February 15, 1991.

## III.

### Benefits Review Board Remand Order

Bath Iron Works contends that absent a prior claim for compensation alleging a new injury, the Board did not possess the authority to address the issue for the first time upon appeal. Moreover, it maintains that the Board erred in remanding the case to the ALJ because the remand effectively foreclosed a true judicial determination by the ALJ.

Jones responds that he filed a section 922 petition for modification of benefits, seeking permanent total disability benefits, which provided notice of his appeal and authorized the Board to hear the aggravation claim and that the Board's remand was correct because it was necessary for the ALJ to determine whether there was evidence to support an aggravation of his injury.

Our review of the Board's authority is limited to reviewing the record for material errors of law or fact and we look to the grounds upon which the Board actually relied in reaching its decision. See Cornell University v. Velez, 856 F.2d 402, 404 (1st Cir.1988). We begin with the Board's authority to address the new injury issue. In January 1981, the ALJ awarded Jones permanent partial disability benefits resulting from a 1978 occupational disease of asbestosis. Jones continued his employment with Bath Iron Works through 1991. However, in 1990, Bath Iron Works transferred him to a new work area in which there was less ventilation. In this poorly-ventilated area, Jones' pulmonary condition became aggravated and eventually forced him to cease his employment. Concurrently, Jones' attorney sent a letter seeking permanent total disability benefits pursuant to 33 U.S.C. § 922.

Section 922 permits the deputy commissioner to reconsider an award or denial of benefits within one year of the last payment of compensation. 33 U.S.C. § 922. Petitioner, at that time, was receiving permanent partial disability benefits and, therefore, satisfied the statutory time limit of section 922.

The Board determined that Jones fulfilled the statute of limitations requirements of the LHWCA, reasoning that because Jones' letter seeking modification of benefits was timely filed under § 922, it was unnecessary for Jones to take the additional step of filing a new injury claim under § 913 of the LWHCA. The Board further noted that the proceedings under § 922, if not the letter itself, provided a timely alert that Jones was asserting a new injury claim under an aggravation theory. We find the Board's conclusions to be sound and based upon the evidence.

Moreover, given that the LHWCA widely enjoys a liberal construction, *McDermott Inc. v. Boudreaux,* 679 F.2d 452, 459 (5th Cir.1982) (citing *Voris v. Eikel,* 346 U.S. 328, 333, 74 S.Ct. 88, 98 L.Ed. 5 (1953)); *see also O'Keeffe v. Aerojet–General Shipyards,* 404 U.S. 254, 255, 92 S.Ct. 405, 30 L.Ed.2d 424 (1971); *Boatel Inc. v. Delamore,* 379 F.2d 850, 857 (5th Cir. 1967); *Carumbo v. Cape Cod S.S. Co.,* 123 F.2d 991 (1st Cir.1941) (interpreting terms under the LHWCA), we find that Jones' letter satisfies the requirements of section 922. *See, e.g., Banks v. Chicago Grain Trimmers Assoc.,* 390 U.S. 459, 465 n. 8, 88 S.Ct. 1140, 20 L.Ed.2d 30 (1968) (noting the fact that a petitioner labeled a second action as a claim for compensation rather than an application for review was irrelevant for statutory purposes as long as the action meets the requirements of the section). Therefore, it is disingenuous to allege that the issue was raised for the first time in the brief to the ALJ for the remand hearing. The letter constitutes notice of such a claim and Jones also implicitly raised the issue in his pre-hearing statement to the ALJ on the modification of benefits issue. By moving for a modifi-

cation of benefits and by arguing that the benefits should be based on his 1991 salary, Jones was necessarily asserting either that he sustained a new injury or aggravation of his prior injury. *See Volpe v. Northeast Marine Terminals,* 671 F.2d 697, 701 (2d Cir.1982) ("Although a preexisting condition does not constitute an injury, aggravation of a preexisting condition does."); *Bludworth Shipyard, Inc. v. Lira,* 700 F.2d 1046, 1050 (5th Cir.1983) (citing cases). In this situation, Jones did not need to file a duplicitous claim under section 13. *See generally, I.T.O. Corp. v. Pettus,* 73 F.3d 523, 526 (4th Cir.1996) (stating that under section 922, "[a]n application of a party in interest need not meet formal criteria. The application need only be sufficient to trigger review before the … limitations period expires.") (internal citation omitted).

As a result, at the hearing the ALJ addressed the issue and Bath Iron Works subsequently appealed his decision to the Board. In this way, the Board had the authority to address the new injury issue under the aggravation theory.

 Next, we determine whether the Board erred in remanding the case to the ALJ on the aggravation issue. Generally, a Board must accept administrative findings of fact unless they are unsupported by substantial evidence in the record considered as a whole. 33 U.S.C. § 921(b)(3) (1982). In turn, "[w]e examine the record for material errors of law or for impermissible departure from the familiar 'substantial evidence' rubric in connection with the board's assessment of the hearing officer's factual findings." *Cornell University,* 856 F.2d at 404; *Air America, Inc. v. Director, Office of Workers' Compensation Programs,* 597 F.2d 773, 778 (1st Cir.1979); *Bath Iron Works Corp. v. White,* 584 F.2d 569, 573–74 (1st Cir.1978) (citing *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.,* 380 U.S. 359, 363, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965)); 33 U.S.C. § 921(b)(3)).

Upon examination of the record in the instant case, the Board determined that

there was evidence in the record which, if found credible, could support a finding of an aggravation injury and thereby entitle Jones to increased benefits, from permanent partial to permanent total disability benefits. Respectively, the date of the aggravated injury would determine the amount from which benefit calculation would begin rather than the original date of injury. The Board found that the ALJ had failed to discuss his reasoning for finding no aggravation and, accordingly, remanded for clarification of the issue.[2] This is clearly the appropriate course of action since the Board is constrained from making findings of fact itself. 33 U.S.C. § 921(b)(3); *Owens v. Newport News Shipbuilding & Dry Dock Co.*, 11 B.R.B.S. 409, 418 (1979). We find the Board's remand in this case to be expressly within its powers. *See* 33 U.S.C. § 921(b)(3); *Jasinskas v. Bethlehem Steel Corp.*, 735 F.2d 1, 3 (1st Cir.1984) (citing cases where ALJ's findings were unclear and deeming Board remand appropriate).

## IV.

### *New Injury Determination*

 Bath Iron Works alleges that no new injury occurred in February 1991 because: (1) the ALJ erroneously assumed that he could not independently issue findings regarding the new injury issue; and (2) the evidence in the record does not support a new injury claim. Jones counters that the evidence in the record clearly supports the new injury determination.

2. The Board concluded:

Inasmuch as the administrative law judge did not discuss this or any other relevant evidence in summarily concluding that claimant did not establish an aggravation, we vacate both the administrative law judge's finding that claimant failed to establish the existence of a new injury and his finding that claimant's permanent total disability was due to the natural progression of the prior 1978 work injury. On remand, the administrative law judge should reconsider these issues in light of all of the relevant evidence, and identify and explain the evidentiary basis for his conclusions consis-

As noted above, our review of this determination is limited to whether the Board committed an error of law. *Meagher,* 867 F.2d at 727. From the record before us, it is clear that the Board was meticulously correct in its determination. The Board remanded for specific factual determinations, and the ALJ found a new and discrete injury. In his opinion, the ALJ noted specific facts: The new location which had no windows and poor ventilation; Jones' exposure to thick dust, fumes, and other injurious pulmonary stimuli. The ALJ cited additional evidence, including Jones' decreased breathing capacity, medical tests, reports from Jones' treating physician, and testimony from Jones. The combination of these factors led the ALJ to conclude that a new injury arose on February 15, 1991 and to award permanent total disability benefits accordingly.[3] The Board concurred, finding sufficient factual support in the record for the ALJ's decision. We do not find that the Board committed an error of law in affirming the ALJ's determination. At this point, our authority to review the decision of the Benefits Review Board ends.

## V.

### *Conclusion*

In accordance with the foregoing, we **AFFIRM** the Benefit Review Board's decision in favor of Raymond Jones.

tent with the requirements of the [Administrative Law Procedures Act].

*In re Jones,* Case No. 92–LHC–2107, BRB No. 93–1678, p. 3 (March 3, 1997).

3. Bath Iron Works contends that the ALJ was under the misapprehension that he was under the obligation to find a new injury in this case and that his decision is therefore tainted because it was not an independent determination. We do not find any merit in this argument. The ALJ considered the information and, based upon the evidentiary record, correctly adjudged that a new injury occurred in 1991.