**GENERAL DYNAMICS CORPORATION and Insurance Company of North America, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR and Maryetta Woodberry, Respondents.**

No. 81–1563.

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1982.

Decided March 19, 1982.

Cynthia J. Cohen, Boston, Mass., with whom Philander S. Ratzkoff, James F. Fitzgerald, Jr., J. Drew Yanno and Parker, Coulter, Daley & White, Boston, Mass., were on brief, for petitioners.

Marianne Demetral Smith, Atty., U. S. Dept. of Labor, Washington, D. C., with whom T. Timothy Ryan, Jr., Sol. of Labor, and Donald S. Shire, Associate Sol., Washington, D. C., were on brief, for respondent, Director, Office of Workers' Compensation Programs.

Before COFFIN, Chief Judge, TIMBERS * and BREYER, Circuit Judges.

PER CURIAM.

Petitioners challenge the decision of the Benefits Review Board which held that petitioners could not rely upon § 8(f) of the Longshoremen's and Harborworkers' Compensation Act ("the Act"), 33 U.S.C. § 908(f) (1976), to limit their liability for disability payments. The Board held that the claim was untimely. We hold that the decision of the Board was correct. We affirm the order of the Board and deny the petition for review.

I.

Wilson Woodberry ("claimant") began working as a ship's cleaner in April 1970 for General Dynamics Corporation ("employer"). In June 1970 he was diagnosed as having diabetes mellitus. On October 30, 1970, while at work, he sustained a heart attack. This left him totally and permanently disabled.

On November 19, 1971 claimant filed a disability compensation claim under the Act against the employer and Insurance Company of North America ("carrier").[1] In January 1975 an Administrative Law Judge

("ALJ") held a hearing. On February 27, 1976 the ALJ found that claimant in 1970 had sustained an injury to his heart arising in the course of his employment and that the injury resulted in total permanent disability. The ALJ ordered the employer to make payments to claimant. On June 25, 1976 the Benefits Review Board affirmed the decision and order of the ALJ. On January 7, 1977, in an unpublished opinion, we affirmed the decision and order of the Board.

The employer admits that, during the earlier proceedings before the ALJ, the Board and this Court, it did not raise the issue of the applicability of § 8(f) of the Act. That section provides that an employer's liability for payments will be limited to 104 weeks where the injured employee had an existing permanent partial disability[2] —here, diabetes.

On February 27, 1978 Woodberry died of pneumonia. Shortly thereafter the employer filed a petition for modification of the award under § 22 of the Act, 33 U.S.C. § 922 (1976), seeking limitation of liability for payments under § 8(f).[3] After a hearing on March 13, 1979, the ALJ held on January 16, 1980 that the employer was not entitled to the limitation of liability provided for in § 8(f). The ALJ relied upon *Egger v. Willamette Iron & Steel Co.*, 9 B.R. B.S. 897 (1979), which held that a § 8(f) claim must be raised in the initial proceeding. On June 12, 1981 the Board affirmed the decision and order of the ALJ, relying primarily upon *Egger*. The employer then petitioned this Court for review.

* Of the Second Circuit, by designation.

1. In the interest of simplicity, we shall refer in this opinion to the petitioner employer and the petitioner carrier collectively as the "employer", their interests for our purposes being the same.

2. Section 8(f) of the Act, 33 U.S.C. § 908(f) (1976), provides in relevant part:
"(1) In any case in which an employee having an existing permanent partial disability suffers injury, the employer shall provide compensation for such disability as is found to be attributable to that injury based upon the average weekly wages of the employee at

the time of the injury. If following an injury falling within the provisions of subdivision (c)(1)–(20) of this section, the employee is totally and permanently disabled, and the disability is found not to be due solely to that injury, the employer shall provide compensation for the applicable prescribed period of weeks provided for in that section for the subsequent injury, or for one hundred and four weeks, whichever is the greater."

3. Claimant's widow, Maryetta Woodberry, who is a nominal respondent in this case, sought a modification of the award not relevant to the instant petition for review.

## II.

Not having raised the § 8(f) claim in the earlier proceedings, the employer in the instant proceedings sought to reopen and modify the final compensation award under § 22 of the Act. That section permits reopening and modification "on the ground of a change in conditions or because of a mistake in a determination of fact."[4]

The employer asserts that it did not raise the issue of the applicability of § 8(f) in the earlier proceedings because of the state of the law at that time. Specifically, the Benefits Review Board, in *Aleksiejczyk v. Atlantic & Gulf Stevedores, Inc.*, 1 B.R.B.S. 541 (1975), *rev'd sub nom. Atlantic & Gulf Stevedores, Inc. v. Director, Office of Workers' Compensation Programs*, 542 F.2d 602 (3rd Cir. 1976), had adopted the view that "disability" was an economic, not a physical, concept.[5] This meant, according to the Board, that an existing disability must interfere with work ability before § 8(f) became applicable. Since his diabetes had not interfered with claimant's work, the employer argues that it would have been "almost frivolous" to have raised the applicability of § 8(f) in the earlier proceedings.

Since there was no change in claimant's physical condition,[6] in order to reopen the case the employer must show that there was a mistake in the determination of a fact. Although a misinterpretation of the law, such as that which the employer made here, arguably might be said to qualify as a mistake in the determination of a fact, courts have interpreted § 22 more broadly than the words seem to suggest in order to allow reopening to promote justice. *O'Keeffe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254, 255–56 (1971) (per curiam); *Banks v. Chicago Grain Trimmers Association*, 390 U.S. 459, 464 (1968); *McCord v. Cephas*, 532 F.2d 1377, 1380–81 (D.C.Cir.1976).[7]

A bare claim of need to reopen to serve the interests of justice, however, is not enough. In deciding whether to reopen a case under § 22, a court must balance the need to render justice against the need for finality in decision making:

"[T]he basic criterion is whether reopening will 'render justice under the act.'. . .

The congressional purpose in passing the law would be thwarted by any lightly considered reopening at the behest of an employer who, right or wrong, could have presented his side of the case at the first hearing and who, if right, could have thereby saved all parties a considerable amount of expense and protracted litiga-

---

**4.** Section 22 of the Act, 33 U.S.C. § 922 (1976), provides in relevant part:

"Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation."

**5.** In adopting this view, the Board relied upon *American Mutual Insurance Co. of Boston v. Jones*, 426 F.2d 1263 (D.C.Cir.1970), which held that "[t]he Act makes clear that 'disability' is an economic and not a medical concept." *Id.* at 1265 (footnote omitted). The Third Circuit, in reversing the Board and rejecting this view, stated that "the Board has simply ignored the contextual setting in which [the statement in *Jones*] was made", noting that *American Mutual* did not involve § 8(f). *Atlantic & Gulf Stevedores, Inc., supra*, 542 F.2d at 609.

**6.** Courts uniformly have held that a "change in conditions" means a change in the employee's *physical* condition, not other conditions. *E.g., Burley Welding Works, Inc. v. Lawson*, 141 F.2d 964, 966 (5th Cir. 1944). An employer cannot properly assert that a change in the law is a change in conditions under § 22.

**7.** Although *O'Keeffe* and *Banks* involved reopenings upon application of a claimant, there is no reason to believe that the grounds are more stringent when an employer seeks reopening. *McCord, supra*, 532 F.2d at 1380.

tion." *McCord v. Cephas, supra,* 532 F.2d at 1380–81.

### III.

The employer here presents a less than convincing case for reopening. Nothing precluded it from raising the § 8(f) claim in the earlier proceedings except its judgment that it would have been almost frivolous to do so. This was a mistake. The claim simply was not frivolous. The Board's decision in *Aleksiejczyk, supra,* upon which the employer relied, was reversed on appeal. *Atlantic & Gulf Stevedores, Inc., supra.* Other Courts of Appeals rejected the "economic disability" rule shortly after the Board's decision in *Aleksiejczyk,* holding that a physical disability was sufficient. *C & P Telephone Co. v. Director, Office of Workers' Compensation Programs,* 564 F.2d 503, 512–13 (D.C.Cir. 1977); *Equitable Equipment Co. v. Hardy,* 558 F.2d 1192, 1196–97 (5th Cir. 1977).[8] The Board itself acquiesced in this interpretation in *Benoit v. General Dynamics Corp.,* 6 B.R.B.S. 763 (1977). If the instant employer had presented its § 8(f) claim to the Board in the earlier proceedings, as other employers did despite *Aleksiejczyk,* and thereafter on appeal to this Court, all concerned would have been spared considerable time and expense, with the paramount objective of finality of decision satisfied.

We are not insensitive to the employer's claim that reopening here might be said to be in the interests of justice. Nevertheless, we hold that such a reopening would not serve the orderly administration of justice which depends in no small part upon finality of judicial determinations. Parties should not be permitted to invoke § 22 to correct errors or misjudgments of counsel, nor to present a new theory of the case when they discover a subsequent decision arguably favorable to their position.

Furthermore, to allow the employer here to raise a § 8(f) claim at this stage when it could have raised it earlier would permit every employer who failed to raise a § 8(f) claim in an earlier proceeding because of the Board's erroneous interpretation of that section to relitigate its case. While we decline to speculate how many such cases there may be, the possibility cuts against the policy of finality in litigation for all but exceptional cases and would threaten a further burden on already overburdened courts.[9]

The employer here has not persuaded us that it was precluded from raising the § 8(f) claim in the earlier proceedings. We hold that it should not be allowed to do so now.

The decision and order of the Benefits Review Board is *affirmed.* The petition for review is *denied.*

---

8. The decisions which disagreed with the Board emphasized that the Board's interpretation was clearly wrong and irreconcilable with the congressional intent in enacting section 8(f), which was to encourage employers to hire handicapped workers, not to discourage them by making them liable for full disability payments despite an employee's preinjury partial permanent disability. *See Atlantic & Gulf Stevedores, Inc., supra,* 542 F.2d at 606, 609.

One of the few cases upholding the need for showing an economic impact is *Cordero v. Triple A Machine Shop,* 580 F.2d 1331, 1338–39

(9th Cir. 1978), *cert. denied,* 440 U.S. 911, 99 S.Ct. 1223, 59 L.Ed.2d 459 (1979). This position apparently has been abandoned even in the Ninth Circuit. *See Director, Office of Workers' Compensation Programs v. Todd Shipyards Corp.,* 625 F.2d 317, 319–21 (9th Cir. 1980).

9. In view of our disposition of the case, we need not decide whether § 8(f) would have applied to limit the liability of the employer for payments, if the section had been timely invoked.