**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR, Petitioner,**

v.

**EDWARD MINTE COMPANY, INC., et al., Respondents.**

No. 85–1783.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 15, 1986.

Decided Oct. 17, 1986.

As Amended Oct. 17, 1986.

Joshua Gillelan, Atty., Dept. of Labor, with whom Donald S. Shire, Associate Sol. and Marianne Demetral Smith, Atty., Dept. of Labor, Washington, D.C., were on the brief, for petitioner.

Kevin M. Murphy, with whom William J. Carter, Washington, D.C., was on the brief, for respondents.

Before EDWARDS, GINSBURG and STARR, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

The Director of the Office of Workers' Compensation Programs (the "Director") of the Department of Labor has petitioned this court, seeking review of an order of the Benefits Review Board (the "Board") rendered under the Longshoremen's and Harbor Workers' Compensation Act (the "Act").[1] The Board ruled that, in a proceeding instituted by an employee seeking a modification of his compensation award based on a change in conditions, the employer was entitled to the relief afforded by section 8(f) of the Act.[2] We affirm the decision of the Board.

### I. BACKGROUND

Beryl M. Dixon injured his back in January, 1960 in the course of his employment with a previous employer. In April, 1964, Dixon reinjured his back while under the employ of Edward Minte Company, Inc. ("Minte"). A Compensation Order-Award was issued without a hearing on January 18, 1966. Dixon was awarded payments for temporary total disability from the date of the injury until July 22, 1964, and payments for permanent partial disability of twenty percent beginning July 22, 1964. Dixon continued to work for Minte until November of 1968, when his condition had deteriorated to that of permanent and total disability.

Although he was permanently and totally disabled and had stopped working in November 1968, Dixon continued to receive payments only for a permanent partial disability. In January 1980, Dixon was examined by an orthopedic surgeon who confirmed that the level of disability was total and permanent. Sometime around this same period, Dixon filed a petition for review under section 22 of the Act,[3] seeking a modification of his compensation award to reflect his permanent and totally disabled condition.

During the benefit modification proceedings, Minte alleged that, if Dixon was found to be permanently and totally disabled, the employer was entitled to seek relief under section 8(f) of the Act.[4] Sec-

---

1. 33 U.S.C. §§ 901–950 (1982 & Supp. III 1985).

2. 33 U.S.C. § 908(f) (Supp. III 1985).

3. Injuries to workers in the District of Columbia prior to July 24, 1982 are covered by the Act. *See Durrah v. Washington Metro. Area Transit Auth.*, 760 F.2d 322, 324 n. 1 (D.C.Cir.1985). Section 22 of the Act, 33 U.S.C. § 922 (Supp. III 1985), reads in pertinent part:

   Upon his own initiative, or upon the application of any party in interest (including an employer or carrier which has been granted relief under section 908(f) of this title), on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case (including a case under which payments are made pursuant to section 944(i) of this title) in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, rein-

state, increase, or decrease such compensation, or award compensation. * * *

4. Section 8(f) provides in pertinent part:
   (f) Injury increasing disability:
   (1) In any case in which an employee having an existing permanent partial disability suffers injury, the employer shall provide compensation for such disability as is found to be attributable to that injury based upon the average weekly wages of the employee at the time of the injury. If following an injury falling within the provisions of subsection (c)(1)–(20) of this section, the employee is *totally and permanently disabled, and the disability is found not to be due solely to that injury, the employer shall provide compensation for the applicable prescribed period of weeks provided for in that section for the subsequent injury, or for one hundred and four weeks, whichever is the greater, except that, in the case of an injury falling within the provisions of subsection (c)(13) of this section, the employer shall provide compensation for the lesser of such periods.* In all other cases of total permanent disability or of death, found not to be due solely to that injury, of an employee having an existing per-

tion 8(f) limits the employer's liability for claims when a disability is due, in part, to a preexisting injury. The Administrative Law Judge ("ALJ") declared Dixon to be permanently and totally disabled as of November 1, 1968, and awarded Dixon compensation for total disability, with interest, from that date. The ALJ also decided that section 8(f) relief was appropriate, with the employer's liability terminating on November 26, 1974.[5] Thereafter, Dixon's claim would be paid from the special fund created under section 44 of the Act.[6]

The Director appealed the decision of the ALJ to the Board, claiming that the ALJ should not have entertained Minte's claim for section 8(f) relief. The Board held that an employer could raise a section 8(f) claim in the context of proceedings on an employee's petition to modify a compensation award, and that Minte's claim was justified. *Dixon v. Edward Minte Co.*, 16 BEN.REV. BD.SERV. (MB) 314 (1984). The Board then remanded the case to the ALJ to conduct further fact-finding to determine if the conditions of section 8(f) had been satisfied. The ALJ made the required supplemental findings of fact, and, on that basis, reaffirmed his earlier order. On appeal, the Board affirmed, finding that the Director's objections to the applicability of section 8(f) had been addressed in its earlier opinion. This petition for review followed, pursuant to section 21(c) of the Act.[7]

## II. ANALYSIS

■ The sole issue in this case is whether the ALJ properly entertained Minte's request for section 8(f) relief. Section 22 of the Act provides that any party in interest may seek a modification of a compensation order at any time prior to one year after the date of the last payment of compensation if there has been (a) a change in conditions or (b) a mistake in a determination of fact. In the instant case, it is clear that there was a change in conditions in that Dixon had become permanently and totally disabled. No party questions that this triggered section 22 as to Dixon's

manent partial disability, the employer shall provide in addition to compensation under subsections (b) and (e) of this section, compensation payments or death benefits for one hundred and four weeks only. If following an injury falling within the provisions of subsection (c)(1)–(20) of this section, the employee has a permanent partial disability and the disability is found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide compensation for the applicable period of weeks provided for in that section for the subsequent injury, or for one hundred and four weeks, whichever is the greater, except that, in the case of an injury falling within the provisions of subsection (c)(13) of this section, the employer shall provide compensation for the lesser of such periods.

In all other cases in which the employee has a permanent partial disability, found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide in addition to compensation under subsections (b) and (e) of this section, compensation for one hundred and four weeks only.

(2)(A) After cessation of the payments for the period of weeks provided for herein, the employee or his survivor entitled to benefits shall be paid the remainder of the compensation that would be due out of the special fund established in section 944 of this title, except that the special fund shall not assume responsibility with respect to such benefits (and such payments shall not be subject to cessation) in the case of any employer who fails to comply with section 932 of this title.

\* \* \* \* \* \*

5. Section 8(f) was substantially modified in 1972 by the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972 (the "1972 Amendments Act"), Pub.L.No. 92–576, 86 Stat. 1251. The ALJ's decision apparently applied section 8(f) in its pre-amendment form to payments for the period prior to the effective date of the 1972 Amendments Act and the amended section 8(f) to payments thereafter. Minte has not sought to challenge this order and so we express no view as to whether the Board correctly applied section 8(f) in light of our decision in *C & P Telephone Co. v. Director, OWCP*, 564 F.2d 503, 510 (D.C.Cir.1977).

6. 33 U.S.C. § 944 (1982 & Supp. III 1985).

7. 33 U.S.C. § 921(c) (1982). The Director has standing to bring this suit as a person adversely affected by a final order of the Board. *See Director, OWCP v. Belcher Erectors*, 770 F.2d 1220, 1221 (D.C.Cir.1985).

claim for a modification of his award; the disagreement is over whether this change in conditions could also support a request for modification by Minte. We hold, in agreement with the Board, that a change in conditions did occur that made it appropriate for the ALJ to consider the section 8(f) claim.

## A. *"Change in Conditions"*

The term "change in conditions" has been interpreted to mean a change in the employee's physical condition. *See, e.g., Verderane v. Jacksonville Shipyards, Inc.*, 772 F.2d 775, 780 (11th Cir.1985); *General Dynamics Corp. v. Director, OWCP*, 673 F.2d 23, 25 n. 6 (1st Cir.1982) (per curiam). Further, a section 22 petition for modification is "the only means by which to reopen a final compensation award order." *Verderane*, 772 F.2d at 780 n. 8. Clearly, in this case, Dixon suffered a change in condition. If, after that change in condition, the employer was entitled to section 8(f) relief, such a request for relief could be considered in the section 22 modification proceeding unless it had been otherwise waived. *See General Dynamics*, 673 F.2d at 25–26.

The Director argues that Minte's claim is devoid of merit because it seeks to piggyback on the claim of the employee. The Director appears to contend that an employer must independently satisfy the section 22 requirements by asserting a change in condition other than a claimant's asserted change in his level of disability. We reject this argument as a specious reading of section 22. Minte relied on a change in Dixon's condition that would affect its liability. The employer did not seek to invoke section 22 as an afterthought to justify a belated request for 8(f) relief. Rather, after Dixon petitioned for increased compensation, Minte raised section 8(f) to limit increases in liability brought about by the employee's request for a modification of his award. Courts applying section 8(f) in the context of a defense to liability have, in general, viewed it as subject to the same

principles of fairness and efficiency as are embodied in Rules 8 and 12 of the Federal Rules of Civil Procedure. *See, e.g., Verderane*, 772 F.2d at 778; *American Bridge Division, U.S. Steel Corp. v. Director, OWCP*, 679 F.2d 81, 84 (5th Cir.1982). Here, where Dixon has properly opened up the compensation order to seek additional compensation, it is also proper to allow Minte to raise an 8(f) defense in response to Dixon's claims.

This is not a situation in which a party seeks to reopen a proceeding based solely on a change of law. Although section 8(f) was substantially amended in 1972,[8] this change in law is not the principal basis of the employer's request for 8(f) relief; the critical precipitating event here was the change in Dixon's level of disability.

It is also clear that this is not a situation in which the employer is claiming that, because the 8(f) claim was never raised during the initial compensation proceedings in 1966, the deputy commissioner somehow made a mistake in a determination of fact. In short, there is no attempt here to relitigate matters that properly should have been raised and resolved by the Board in 1966.

## B. *Waiver*

■ This latter point raises an important question concerning possible waiver of the employer's claim for 8(f) relief. Even if a change in conditions existed that could trigger a section 22 modification of Minte's liability under the compensation order, such relief may not be available if the employer waived its rights by not raising its section 8(f) claim in an earlier proceeding. *See Verderane*, 772 F.2d at 780; *American Bridge*, 679 F.2d at 83 n. 6.

■ During oral argument before this court, counsel for the Director contended for the first time that Minte had waived its right to section 8(f) relief in a section 22 proceeding by not raising an available section 8(f) claim in 1966. Counsel acknowledged that the Director never presented

**8.** *See* note 5 *supra* & note 10 *infra.*

any evidence below to show that Minte could have successfully raised a section 8(f) claim at the initial determination. Indeed, this matter was never even raised as an *argument* for consideration by the Board (or by the ALJ during his reconsideration of the case on remand from the Board). The issue therefore is not properly before this court.

"It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). This means that, except in exceptional circumstances, even legal theories not asserted below will not be considered on appeal. *District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084–85 (D.C.Cir.1984). We find no exceptional circumstances in this case.

There is nothing in either of the opinions of the Board (or in the ALJ's opinion on reconsideration on remand) indicating that the Director argued below that Minte could have successfully raised a section 8(f) claim in 1966; the Director conceded as much during oral argument. Furthermore, both the opening and reply briefs of the Director to this court focus on whether a change in conditions had occurred allowing section 22 modification and whether Minte was merely attempting to reap the benefits of a change in law—arguments we have already addressed.[9] Thus, even the Director's briefs to this court are conspicuous in their omission of any argument that Minte could have raised a successful 8(f) claim in 1966. In the Brief for Petitioner at 8 (emphasis added), the Director makes the curious observation that "Minte *conceded* that section 8(f) had not been raised before the deputy commissioner in 1966 because the statute was not applicable to the case at that time...." Nothing more is then said about the point. In the Reply Brief at 7 (emphasis added), the Director merely argues that "[*i*]*f* section 8(f) were applicable in 1966, Minte's entitlement to it has been waived by its failure to raise the defense to its compensation liability at that time." However, the Director never asserts that 8(f) was available in 1966; indeed, the remaining argument in the Reply Brief suggests otherwise. *See id.* at 7–8.

Moreover, as was acknowledged during oral argument before this court, it is far from clear that Minte could have successfully raised a section 8(f) claim in 1966. First, by its terms, section 8(f) in its pre-amendment form only provided for special fund payments when an employee with a previous disability suffered an injury that would ordinarily have resulted in permanent partial disability, but which, because of the previous disability, resulted in permanent total disability.[10] Although the

---

**9.** It is true that the opinions below and the briefs submitted before this court make much of the speculation on the part of Minte's counsel at the ALJ hearing that it would have been futile for Minte to pursue section 8(f) relief in 1966 because the special fund was underfunded at that time. But this is very different from an argument *by the Director* that Minte *could have* successfully pursued an 8(f) claim in 1966, and that the employer had waived its right to pursue this claim in 1980 because of its failure to do so in 1966. Minte may have raised a "futility" argument (a point we find wholly irrelevant to our disposition), but the Director never raised an argument regarding "waiver."

**10.** Section 8(f) in its pre-amendment form, read as follows:

(f) Injury increasing disability:

(1) If an employee receives an injury which of itself would only cause permanent partial disability but which combined with a previous disability, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury: *Provided, however,* That in addition to compensation for such permanent partial disability, and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. Such additional compensation shall be paid out of the special fund established in section 944 of this title.

(2) In all other cases in which, following a previous disability, an employee receives an injury which is not covered by (1) of this subdivision, the employer shall provide compensation only for the disability caused by the subsequent injury. In determining compensation for the subsequent injury or for death resulting therefrom, the average weekly wages shall be such sum as will reasonably represent the earning capacity of the employee at the time of the subsequent injury.

pre–1972 version of section 8(f)(2) conceivably could have resulted in lower payments for Minte, it is doubtful, given the interpretations of section 8(f) then in force, that the Board would have awarded section 8(f) relief in 1966.[11] In any event, Dixon's change in condition also changed Minte's section 8(f) entitlement, to the extent that any entitlement may have existed in 1966.[12] The policy behind the section 8(f) waiver rule is that "a claim for [section 8(f)] relief must be made by the employer at the first hearing ... to assure that all factual issues are known and subject to litigation at the same time." *Brady-Hamilton Stevedore Co. v. Director, OWCP,* 779 F.2d 512, 513 (9th Cir.1985). This policy is inapposite where both the legal test and the relevant facts have changed since 1966.

 Underlying our discussion of the waiver issue are certain assumptions regarding burdens of proof. Section 8(f) does not contain any requirement that the employer come forward with a section 8(f) claim at the earliest opportunity. The section 8(f) waiver rule is a procedural device imposed by the courts and by the Board. *See Brady-Hamilton Stevedore,* 779 F.2d at 513. An employer is thus free to raise an 8(f) claim during proceedings on an initial determination of compensation and during any subsequent modification proceedings under section 22; in such proceedings, the employer carries the burden of proving the applicability of section 8(f). However, if a party (such as the Director) opposes the employer's request for 8(f) relief on grounds of waiver, that party bears the burden of raising the waiver issue and coming forward with the necessary showing of facts supporting the waiver claim. In the instant case, even if it is assumed that the Director had obliquely raised the waiver issue before the Board, it is nevertheless clear that he failed to show that waiver had occurred.

### III. CONCLUSION

Dixon's compensation order was properly reopened because of a change in his condition from one of permanent partial disability to permanent total disability. Minte was entitled to raise any claims that related to its liability in the modification proceeding, including its section 8(f) claim. Although, as a general matter, an employer can waive its right to section 8(f) relief by not raising its claim at the earliest opportunity, the Director never established that waiver had occurred. Consequently, the Board's order modifying Dixon's award and permitting Minte to avail itself of section 8(f) relief must be affirmed.

*So ordered.*

**11.** The Director's briefs strongly imply that section 8(f) relief would not have been available in 1966 either because it was inapplicable or because of how section 8(f) was interpreted prior to the 1972 amendments. (*See* Brief for Petitioner at 8; Reply Brief at 7–8.) This view was clearly reinforced at oral argument.

**12.** Under pre-amendment section 8(f), the operative provision would have shifted from section 8(f)(2) to section 8(f)(1). *See* note 10 *supra.*