891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith PRESKEY, Petitioner,
v
CARGILL, INCORPORATED, Red Shield Service Company, Director,
Office of Workers Compensation Programs, U.S.
Department of Labor, Respondents.
 No. 88-7494.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1989.
Decided Dec. 6, 1989.
 
 Before PREGERSON, TROTT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Preskey contests affirmance by the Benefit Review Board ("BRB") of an order reducing his disability award pursuant to 33 U.S.C. § 922 (1982), a provision of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950 (1982 & Supp. V 1987).[1]
 
 
 3
 The administrative law judge (ALJ) who reduced the award based his decision on increases in claimant's wages and hours. Although he observed that much of the increase in Preskey's income was "attributable to the inflationary cycle of the pay scale for longshoremen," and described the increase in hours as "de minimus," the ALJ nevertheless modified Preskey's award to reflect a reduction from a six percent to a one percent disability rating. In affirming the modification, the BRB noted that Fleetwood v. Newport News Shipbuilding & Dry Dock Co., 776 F.2d 1225 (4th Cir.1985), "allows for modification of an original award in the event of a change in claimant's economic status."
 
 
 4
 The BRB's reliance on Fleetwood is unwarranted. That case, which represented a departure from the generally recognized assumption that modification requires a change in the claimant's physical condition,[2] rested on more than increased wages and hours. The Fleetwood court noted, for example, that the claimant had acquired new job skills and had received two raises based on merit. 776 F.2d at 1233. The court also indicated its concern with a "permanent" increase in wage-earning capacity and noted that "The case law clearly states that post-injury wages are not necessarily indicative of post-injury wage-earning capacity, but must only be considered in conjunction with other factors, such as the claimant's education and age, general economic conditions, and the regularity of the post-injury employment." Id. at 1229, 1234. In announcing its decision, the court emphasized that,
 
 
 5
 We do not rely solely upon the uncontroverted evidence that Fleetwood is earning more in his new position than in his old job, but have considered the other factors that may affect the future wage-earning capacity of a claimant, including the claimant's age, education, medical disability, vocational training, years on the job as a data clerk, and possible sympathetic consideration by the post-injury employer.
 
 
 6
 Id. at 1234.
 
 
 7
 With its near exclusive focus on increased wages, this case simply does not invite a Fleetwood-type analysis. Similarly, this court need not determine whether McCormick S.S. Co. v. United States Employees' Compensation Commission, 64 F.2d 84 (9th Cir.1933), permits a showing of nonphysical evidence to obtain a modification, since that case clearly found that a mere change in wages did not constitute a change in wage-earning capacity.
 
 
 8
 Because they are not based on an appropriate finding of a "change in conditions" as required by law, the BRB's decision and order and that portion of the modification order relating to claimant's compensation are
 
 
 9
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3
 
 
 [1]
 Section 922 of the LHWCA provides, in pertinent part, that,
 on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may ... review a compensation case ... and ... issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
 
 
 [2]
 See, e.g., Pillsbury v. Alaska Packers Ass'n, 85 F.2d 758, 760 (9th Cir.1936) ("The expression 'change in conditions' refers to a change in the physical condition of the employee."); Verderane v. Jacksonville Shipyards, Inc., 772 F.2d 775, 780 (11th Cir.1985) ("A 'change in conditions,' for purposes of section 22, refers to a change in an employee's physical condition."); General Dynamics Corp. v. Director, Office of Workers' Compensation Programs, 673 F.2d 23, 25 n. 6 (1st Cir.1982) ("Courts uniformly have held that a 'change in conditions' means a change in the employee's physical condition, not other conditions."); Burley Welding Works, Inc. v. Lawson, 141 F.2d 964, 966 (5th Cir.1944) ("It has been uniformly held that the term 'change in conditions' ... means a change in the employee's physical conditions, and not other conditions.")