919 F.2d 763
 287 U.S.App.D.C. 92
 WASHINGTON SOCIETY FOR THE BLIND and Hartford Accident &
Indemnity Co., Petitioners,
v.
Anna L. ALLISON and Director, Office of Workers'
Compensation Programs, U.S. Department of Labor,
Respondents.
 No. 88-1129.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Oct. 19, 1988.
Decided Nov. 27, 1990.
As Amended Feb. 15, 1991.
Rehearing and Rehearing En Banc
Denied Feb. 15, 1991.
 
 Bonnie J. Brownell, with whom William P. Dale, Washington, D.C., was on the brief, for petitioners.
 Marianne Demetral Smith, Attorney, Dept. of Labor, with whom Randel K. Johnson, Acting Associate Sol., Dept. of Labor, Washington, D.C., was on the brief, for respondent Director, Office of Workers' Compensation Programs. Janet Dunlop, Attorney, Dept. of Labor, Washington, D.C., also entered an appearance for that respondent.
 George E. Swegman, Washington, D.C., entered an appearance, for respondent Anna L. Allison.
 Before STARR* and BUCKLEY, Circuit Judges, and SPOTTSWOOD W. ROBINSON, III, Senior Circuit Judge.
 Opinion for the Court filed by Senior Circuit Judge SPOTTSWOOD W. ROBINSON, III.
 SPOTTSWOOD W. ROBINSON, III, Senior Circuit Judge:
 
 
 1
 Washington Society for the Blind and its insurer, Hartford Accident & Indemnity Company, petition for review of an order of the Benefits Review Board refusing to shift to the special fund created by the Longshore and Harbor Workers' Compensation Act[1] the responsibility for continuing compensation payments due a disabled employee.[2] Respondents are Anna L. Alli son,, the employee, and the Director of the Office of Workers' Compensation Programs, who is charged with administration of the fund. The Board held that petitioners had waived any right to resort to the fund by failing to assert it earlier.[3] We disagree, and accordingly reverse.
 
 
 2
 * The Act imposes generally the requirement that employers compensate covered employees who become disabled by work-related injuries.[4] If, however, an employer hires or retains an already disabled employee and a subsequent on-the-job injury materially increases the disability, some of the liability for appropriate compensation may be allocated to the special fund. This apportionment, effected by Section 8(f) of the Act,[5] has undergone change over time. In 1963 and 1964, when the disability-enhancing injuries here involved occurred, the Act provided that if an employee sustained at work an injury which of itself would produce only permanent partial disability, but which in combination with a preexisting disability actually inflicted permanent total disability, the employer's liability was to be limited to compensation payments for the disability caused by the second injury, and the rest of the employee's compensation was to be supplied by the special fund.[6] The Act was amended in 1972 to make Section 8(f) relief available when a subsequent job-related injury unites with a preexisting disability to produce either permanent total or permanent partial disability.[7] The prime purpose of Section 8(f) is to encourage employers to hire and retain disabled yet capable employees by alleviating apprehension that extraordinary compensation costs might eventually be incurred thereby.[8]
 
 
 3
 Anna Allison filed successive compensation claims after sustaining injuries in two separate falls during the course of her employment by Washington Society for the Blind.[9] A deputy commissioner[10] conducted a hearing and on February 8, 1966, awarded benefits for two periods of temporary total disability, and then for continuing temporary partial disability, on account of the condition of her back.[11] On April 15, 1969, the deputy commissioner, at Allison's request, reclassified her disability to permanent partial.[12] Petitioners were notified of the impending change but acquiesced therein, and no formal hearing was held.[13]
 
 
 4
 In the late 1970's, Allison again asked for modification of the award, this time to reflect permanent total disability.[14] Petitioners opposed modification[15] and invoked Section 8(f).[16] An administrative law judge[17] convened an evidentiary hearing, at which the Director did not appear. The judge found that Allison had a history of back problems dating from 1960, and permanent partial disability resulting therefrom even prior to her falls in 1963 and 1964.[18] The judge concluded, however, that Allison had not shown by substantial evidence that the condition of her back had changed between the time of the 1969 order and her request for modification,[19] and on that ground denied modification.[20] The judge, however, granted Section 8(f) relief to petitioners,[21] holding that their application therefor was timely[22] inasmuch as the current proceeding featured the first and only formal hearing at which permanence of Allison's disability was in issue.[23] The Director, however, appealed to the Board, which reversed the administrative law judge with respect to his application of Section 8(f).[24] The Board felt that permanence of Allison's disability was a question before the deputy commissioner in 1969, and that any right to special fund assistance had been waived by failure to press for it at that time.[25] This ruling is now assailed in this court.
 
 II
 
 5
 Petitioners contend that waiver is not a viable issue in this case because the Director did not appear at the 1983 hearing before the administrative law judge and did not suggest waiver until he later appealed to the Board.[26] Petitioners point out that the 1983 proceeding was the first in which there actually was a hearing at which permanence of Allison's disability was addressed.[27] And, on the predicate that no waiver occurred, petitioners argue that the 1969 compensation order may now be further modified to provide for Section 8(f) relief.[28]
 
 
 6
 We may easily dispose of petitioners' contention that the Director blundered fatally when he passed up the opportunity to oppose their Section 8(f) bid during the 1983 hearing before the administrative law judge. Petitioners mistakenly rely upon our decision in Director, OWCP v. Edward Minte Co., Inc.,[29] wherein the Director urged unsuccessfully a similar waiver. We refused to entertain the Director's waiver objection simply because it was advanced for the first time in this court, and " 'a federal appellate court does not consider an issue not passed upon below.' "[30] In the case at bar, the waiver issue was presented to and decided by the Board, and now is properly before us. We thus proceed to determine, on undisputed facts, whether petitioners waived their right to seek an apportionment of compensation liability by failing to do so in 1969.
 
 
 7
 As a matter of procedural policy, the Board has insisted upon litigation of Section 8(f) demands by employers along with compensation claims by employees.[31] The courts,[32] and lately even Congress,[33] have endorsed this practice as promotive of the objectives of the Act.[34] In rejecting petitioners' Section 8(f) claim, the Board stated:
 
 
 8
 In the instant case, the administrative law judge found that the hearing he held in 1983 was the first at which Section 8(f) was a viable issue. We disagree. Although the deputy commissioner modified claimant's benefits in 1969 without a hearing, employer did receive notice of the impending change of claimant's benefits to permanent partial status prior to the deputy commissioner's action. Employer was therefore aware that permanent disability was at issue before the deputy commissioner in 1969, and employer should have raised the applicability of Section 8(f) at that time.[35]
 
 
 9
 We say that the Board's rationale exposes a glaring error.
 
 
 10
 As we observed in Minte, "by its terms, section 8(f) in its pre-amendment form only provided for special fund payments when an employee with a previous disability suffered an injury that would ordinarily have resulted in permanent partial disability, but which, because of the previous disability, resulted in permanent total disability."[36] The only question presented to and resolved by the deputy commissioner in 1969 was whether Allison's injuries had visited permanent partial disability, not permanent total disability. Since only a change in Allison's status to permanent total disability would then have provided an occasion for Section 8(f) relief, it is evident that petitioners did not waive any Section 8(f) right by failing to assert it in 1969.[37]
 
 
 11
 The Director argues strenuously, however, that Section 22 of the Act[38] bars any effort to modify the 1969 compensation order by addition of a provision allowing resort to the special fund.[39] Section 22 provides that the deputy commissioner, now the administrative law judge, may modify a compensation order upon his own initiative or upon the application of any party in interest "on the ground of a change in conditions or because of a mistake in a determination of fact."[40] The Director argues that the administrative law judge in the present case had no basis for modifying the 1969 order because there was no change in conditions and no mistake in a determination of fact.[41]
 
 
 12
 Petitioners contend that there was a mistake of fact supporting the judge's modification.[42] In 1969, the deputy commissioner found that Allison did not have a permanent partial disability until 1968, well after she had suffered a second work-related injury.[43] But in 1983, based on new evidence, the administrative law judge found the record clear "that [Allison] had a preexisting permanent partial disability at the time of her injuries in 1963 and 1964,"[44] a finding that has not been challenged. The alleged mistake of fact in 1969 became material to petitioners' later claim for special fund relief because, under Section 8(f) as amended in 1972, an employer is entitled to relief where an employee with an existing permanent partial disability suffers a second injury.[45]
 
 
 13
 We are unable to judge the significance of petitioners' factual contention, however, because the administrative law judge in the first instance did not address the applicability of Section 22. We will therefore remand to give the judge an opportunity to determine, in his discretion, whether a modification is appropriate under Section 22.
 
 
 14
 We decline to adopt the Director's position that a modification on the basis of a mistake of fact is only available where the mistake was made in the determination of a previous claim for special fund relief. Such a restrictive reading is inconsistent with previous cases establishing that Section 22 vests the administrative law judge with broad discretion to correct any mistake of fact in order to render justice under the Act.[46]
 
 
 15
 The order of the Benefits Review Board is accordingly reversed, and the case is remanded to the Board for further proceedings consistent with this opinion.
 
 
 16
 So ordered.
 
 
 
 *
 Circuit Judge (now Solicitor General) STARR did not participate in this opinion
 
 
 [1]
 Act of Mar. 4, 1927, ch. 509, 44 Stat. 1424 (codified as amended at 33 U.S.C. Secs. 901-950 (1988)). The Act extends its benefits to covered workers injured in the District of Columbia prior to July 24, 1982. Director, OWCP v. Edward Minte Co., Inc., 256 U.S.App.D.C. 95, 97 n. 3, 803 F.2d 731, 733 n. 3 (1986); Durrah v. Washington Metropolitan Area Transit Auth., 245 U.S.App.D.C. 252, 254 n. 1, 760 F.2d 322, 324 n. 1 (1985)
 
 
 [2]
 See 33 U.S.C. Sec. 944 (1988)
 
 
 [3]
 Allison v. Washington Soc'y for the Blind, 20 Ben.Rev.Bd.Serv. (MB) 158 (Jan. 29, 1988)
 
 
 [4]
 See 33 U.S.C. Sec. 908 (1988)
 
 
 [5]
 Id. Sec. 908(f) (current version), quoted in relevant part infra note 7
 
 
 [6]
 The full text of Sec. 8(f) then was:
 (1) If an employee receives injury which of itself would only cause permanent partial disability but which combined with a previous disability, does in fact cause permanent total disability, the employer shall provide compensation only for the disability caused by the subsequent injury: Provided, however, That in addition to compensation for such permanent partial disability, and after the cessation of the payments for the prescribed period of weeks, the employee shall be paid the remainder of the compensation that would be due for permanent total disability. Such additional compensation shall be paid out of the special fund established in section 944 of this title.
 (2) In all other cases in which, following a previous disability, an employee receives an injury which is not covered by (1) of this subdivision, the employer shall provide compensation only for the disability caused by the subsequent injury. In determining compensation for the resulting injury or for death resulting therefrom, the average weekly wages shall be such sum as will reasonably represent the earning capacity of the employee at the time of the injury.
 33 U.S.C. Sec. 908(f) (1970).
 
 
 [7]
 Section 8(f) was amended in 1972 and 1984. In current form it stipulates relevantly:
 In any case in which an employee having an existing permanent partial disability suffers injury, the employer shall provide compensation for such disability as found to be attributable to that injury.... If following an injury ... the employee is totally and permanently disabled, and the disability is found not to be due solely to that injury, the employer shall provide compensation for the applicable prescribed period of weeks provided for ... the subsequent injury, or for one hundred and four weeks, whichever is the greater.... In all other cases of total permanent disability ... found not to be due solely to that injury, of an employee having an existing permanent partial disability, the employer shall provide ... compensation payments ... for one hundred and four weeks only. If following an injury ... the employee has a permanent partial disability and the disability is found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide compensation for the applicable period of weeks provided for ... the subsequent injury, or for one hundred and four weeks, whichever is the greater.... In all other cases in which the employee has a permanent partial disability, found not to be due solely to that injury, and such disability is materially and substantially greater than that which would have resulted from the subsequent injury alone, the employer shall provide ... compensation for one hundred and four weeks only.
 33 U.S.C. Sec. 908(f)(1) (1988). After the employer has discharged his obligation, any residue of compensation due the employee is paid by the special fund. Id. Sec. 908(f)(2)(A).
 
 
 [8]
 Lawson v. Suwannee Fruit & S.S. Co., 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed. 611 (1949); C & P Tel. Co. v. Director, OWCP, 184 U.S.App.D.C. 18, 25-27, 564 F.2d 503, 510-512 (1977). In order for Sec. 8(f) to apply, the employee must have had a preexisting disability which was manifest to the employer and heightened by an on-the-job injury. E.g., Director, OWCP v. Belcher Erectors, 248 U.S.App.D.C. 307, 309, 770 F.2d 1220, 1222 (1985)
 
 
 [9]
 Allison v. Washington Soc'y for the Blind, supra note 3, 20 Ben.Rev.Bd.Serv. (MB) at 159. The first fall, on July 12, 1963, resulted in back injuries, and the second, on February 20, 1964, in both back and ankle injuries. Id
 
 
 [10]
 Under the Act as it then stood, deputy commissioners had "full power and authority to hear and determine all questions in respect of [compensation] claim[s]." 33 U.S.C. Sec. 919(d) (1970). By an amendment in 1972, "[a]ll powers, duties, and responsibilities vested ... on October 27, 1972, in the deputy commissioners with respect to [claims hearings were] vested in ... administrative law judges." 33 U.S.C. Sec. 919(d) (1988)
 
 
 [11]
 See Allison v. Washington Soc'y for the Blind, supra note 3, 20 Ben.Rev.Bd.Serv. (MB) at 159
 
 
 [12]
 Allison v. Washington Soc'y for the Blind, No. 16480-63 (Ben.Rev.Bd.) (Apr. 15, 1969), Joint Appendix (J.App.) 26
 
 
 [13]
 See Allison v. Washington Soc'y for the Blind, supra note 3, 20 Ben.Rev.Bd.Serv. (MB) at 161 n. 1
 
 
 [14]
 See id. at 160
 
 
 [15]
 Petitioners' Prehearing Statement, J.App. 29
 
 
 [16]
 See note 25 infra
 
 
 [17]
 See note 10 supra
 
 
 [18]
 Allison v. Washington Soc'y for the Blind, No. 81-DCW-379 (OWCP Dec. 16, 1983) at 9-10, J.App. 22-23
 
 
 [19]
 Id. at 7-8, J.App. 20-21
 
 
 [20]
 Id. at 8, J.App. 21. Allison did not seek review, either administrative or judicial, of this ruling
 
 
 [21]
 Id. at 8-10, J.App. 21-23
 
 
 [22]
 Id. at 9, J.App. 22. The occasion for this determination was a Board-devised rule that a Sec. 8(f) claim must be asserted and litigated at the first hearing of the case or else it is waived. See note 31 infra and accompanying text
 
 
 [23]
 Since more than 104 payments had already been made on behalf of the employer, the effect of this ruling was to shift to the special fund the responsibility for future payments due the employee
 
 
 [24]
 Allison v. Washington Soc'y for the Blind, supra note 3
 
 
 [25]
 20 Ben.Rev.Bd.Serv. (MB) at 160-161. The Board added that "it appear[ed] that employer raised the Section 8(f) issue only to limit its liability if [Allison] successfully reopened the claim through modification proceedings," and that petitioners could not invoke Sec. 8(f) because Allison did not succeed in that effort. Id. at 161 (citations omitted). The Director has not pointed to any record support for the Board's factual premise that petitioners so conditioned their Sec. 8(f) claim, nor have we found any. The record discloses simply that counsel for the employer's compensation carrier informed the administrative law judge that "we have only today found out that there exists [sic ] significant additional medical reports of which the parties had not been previously aware," Letter from William P. Dale to the Honorable Freeman C. Murray (Aug. 24, 1981), J.App. 30, and enclosed an amended prehearing statement listing Sec. 8(f) relief as an issue for resolution at the hearing on Allison's petition for modification. That cannot rationally be read as a conditional invocation of Sec. 8(f). We therefore reject the Board's alternative decisional ground
 
 
 [26]
 Brief for Petitioners at 16
 
 
 [27]
 Id. at 11-12. Petitioners also contend that the Director has not shown that a request for that relief would have been successful in 1969. Id. at 13
 
 
 [28]
 Id. at 14-15
 
 
 [29]
 Supra note 1
 
 
 [30]
 Director, OWCP v. Edward Minte Co., Inc., supra note 1, 256 U.S.App.D.C. at 100, 803 F.2d at 736 (quoting Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826, 837 (1976))
 
 
 [31]
 E.g., Avallone v. Todd Shipyards Corp., 13 Ben.Rev.Bd.Serv. (MB) 348, 350 (Mar. 16, 1981), petition for review denied, 672 F.2d 901 (2d Cir.1981); Andersen v. American President Lines, Inc., 11 Ben.Rev.Bd.Serv. (MB) 757, 762 (Feb. 12, 1980); Wilson v. Old Dominion Stevedoring Corp., 10 Ben.Rev.Bd.Serv. (MB) 943, 944 (Aug. 31, 1979); Tibbetts v. Bath Iron Works Corp., 10 Ben.Rev.Bd.Serv. (MB) 245, 252 (Mar. 30, 1979); Egger v. Willamette Steel & Iron Co., 9 Ben.Rev.Bd.Serv. (MB) 897, 899 (Jan. 31, 1979)
 
 
 [32]
 Director, OWCP v. Edward Minte Co., Inc., supra note 1, 256 U.S.App.D.C. at 98-99, 803 F.2d at 734-735; General Dynamics Corp. v. Director, OWCP, 673 F.2d 23, 26 (1st Cir.1982); American Bridge Div. v. Director, OWCP, 679 F.2d 81, 83 (5th Cir.1982); Brady-Hamilton Stevedore Co. v. Director, OWCP, 779 F.2d 512, 513 (9th Cir.1985); Verderane v. Jacksonville Shipyards, Inc., 772 F.2d 775, 778 (11th Cir.1985)
 
 
 [33]
 In 1988, Congress amended Sec. 8(f) to add:
 (c) Any request, filed after September 28, 1984, for apportionment of liability to the special fund established under section 944 of this title for the payment of compensation benefits, and a statement of the grounds therefor, shall be presented to the deputy commissioner prior to the consideration of the claim by the deputy commissioner. Failure to present such request prior to such consideration shall be an absolute defense to the special fund's liability for the payment of any benefits in connection with such claim, unless the employer could not have reasonably anticipated the liability of the special fund prior to issuance of a compensation order.
 33 U.S.C. Sec. 908(f)(3) (1988). This provision, a part of the House bill, originated in its Education and Labor Committee, which explained that it "believe[d] that the Secretary has an obligation to safeguard the Special Fund, which should be met in connection with the adjudication of claims." H.R.Rep. No. 98-570 (pt. I), 98th Cong., 2d Sess. 21 (1983), reprinted in [1984] U.S.Code Cong. & Admin.News 2734, 2754. In similar vein, the Conference Committee advised that "[t]he conferees intend by this provision to encourage employers to raise the Special Fund issue early in the claims adjudication process, in order to assure the deputy commissioner and the Director of OWCP the opportunity to examine the validity of the employer's basis for seeking special fund relief." H.R.Conf.Rep. No. 98-1027, 98th Cong., 2d Sess. 32 (1984), reprinted in [1984] U.S.Code Cong. & Admin.News 2781.
 
 
 [34]
 The rule " 'assure[s] that all factual issues are known and subject to litigation at the same time.' " Director, OWCP v. Edward Minte Co., Inc., supra note 1, 256 U.S.App.D.C. at 101, 803 F.2d at 737 (quoting Brady-Hamilton Stevedore Co. v. Director, OWCP, supra note 32, 779 F.2d at 513)
 
 
 [35]
 Allison v. Washington Soc'y for the Blind, supra note 3, 20 Ben.Rev.Bd.Serv. (MB) at 160-161 (footnotes omitted)
 
 
 [36]
 Director, OWCP v. Edward Minte Co., Inc., supra note 1, 256 U.S.App.D.C. at 100, 803 F.2d at 736 (emphasis supplied). See text supra at note 7
 
 
 [37]
 This does not mean that petitioners cannot reap the benefit of the expanded reach of Sec. 8(f) effected by the 1972 amendment. See C & P Tel. Co. v. Director, OWCP, supra note 8, 184 U.S.App.D.C. at 25, 564 F.2d at 510 (Sec. 8(f), as so amended, governs application for special fund relief emanating from disability created by pre-1972 job-related injury)
 
 
 [38]
 Section 22 states relevantly:
 Upon his own initiative, or upon the application of any party in interest (including an employer or carrier which has been granted relief under section 908(f) of this title), on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation ... or at any time prior to one year after rejection of a claim, review a compensation case (including a case under which payments are made pursuant to section 944(i) of this title) in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation....
 33 U.S.C. Sec. 922 (1988). See Banks v. Chicago Grain Trimmers Ass'n, 390 U.S. 459, 463-465, 88 S.Ct. 1140, 1143-1145, 20 L.Ed.2d 30, 35-36 (1968) (evolution of Sec. 22).
 
 
 [39]
 Brief for Respondent Director, Office of Workers' Compensation Programs, at 2-13
 
 
 [40]
 33 U.S.C. Sec. 922 (1988)
 
 
 [41]
 Brief for Respondent Director, Office of Workers' Compensation Programs at 6-9
 
 
 [42]
 Brief for Petitioners at 15
 
 
 [43]
 Allison v. Washington Soc'y for the Blind, supra note 12, at 2, J.App. 27
 
 
 [44]
 Allison v. Washington Soc'y for the Blind, supra note 18, at 10, J.App. 23
 
 
 [45]
 33 U.S.C. Sec. 908(f)(1) (1988)
 
 
 [46]
 See O'Keefe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 255-256, 92 S.Ct. 405, 407, 30 L.Ed.2d 424, 425-426 (1971). See also Banks v. Chicago Grain Trimmers Ass'n, Inc., 390 U.S. 459, 465, 88 S.Ct. 1140, 1144, 20 L.Ed.2d 30, 36 (1968) ("[W]e find nothing in this legislative history [of Sec. 22] to support the ... argument that a 'determination of fact' means only some determinations of fact and not others."); McCord v. Cephas, 174 U.S.App.D.C. 302, 305, 532 F.2d 1377, 1380 (1976) ("the authority to re-open is not limited to any particular type of facts"). Cf. General Dynamics Corp. v. Director, OWCP, 673 F.2d 23, 25 (1st Cir.1982) (where there is no change in employee's physical condition, "employer must show that there was a mistake in the determination of a fact" in order to reopen under Sec. 22 for Sec. 8(f) claim not raised in earlier proceedings)