**David HEAMSTEAD, Appellant,**

v.

**OFFICE OF THE ARCHITECT OF THE CAPITOL, Appellee.**

**No. 01–5110.**

United States Court of Appeals, District of Columbia Circuit.

April 22, 2002.

Before EDWARDS, ROGERS, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. For the reasons stated in the accompanying Memorandum, it is

ORDERED and ADJUDGED that the district court's order filed February 12, 2001 be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### *MEMORANDUM*

David Heamstead appeals from the dismissal of his complaint under the Congressional Accountability Act, 2 U.S.C. §§ 1311(a)(1) and 1317(a), for declaratory and injunctive relief, retroactive promotion, and damages for mental anguish and humiliation. He alleged a single action, namely the failure of the Office of the Architect of the Capitol to give him the complete file regarding vacancy announcement HB 97–12, as the basis for his retaliation and hostile work environment claims. The instant case arises out of an earlier reverse discrimination claim regarding a promotion, where the district court dismissed the complaint without prejudice to his exhaustion of administrative remedies. We affirm the dismissal of the complaint for failure to state a cause of action, FED. R. CIV. P. 12(b)(6); *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), for the following reasons.

On the first count alleging unlawful retaliation, the complaint is insufficient to show that, on the facts alleged, Heamstead is entitled to relief. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002); FED. R. CIV. P. 8(a)(2). An adverse employment action is an action that results in "materially adverse consequences [that affect] the terms, conditions, or privileges of [his] employment or [his] future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm." *Brown v. Brody*, 199 F.3d 446, 457 (D.C.Cir.1999);

*see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Heamstead contends that the refusal to provide a vacancy file meets this test because "appellee is depriving appellant of the necessary tools and 'building blocks' to obtain the promotion." Appellant's Br. at 33. This claim fails, for the refusal did not affect the "terms, conditions, or privileges" of Heamstead's employment or his "future employment opportunities." According Heamstead every reasonable inference from his complaint, *see Gilvin v. Fire*, 259 F.3d 749, 756 (D.C.Cir.2001) (quoting *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99), the court is unable to conclude that the denial constitutes adverse employment action. Therefore, the first count of the complaint was properly dismissed.

Count two similarly fails. To prevail on a hostile work environment claim, a plaintiff must show that the conduct altered the "terms and conditions of employment," *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and, "[e]xcept in extreme circumstances, courts have refused to hold that one incident is so severe to constitute a hostile work environment." *Stewart v. Evans*, 275 F.3d 1126, 1134 (D.C.Cir.2002). *See also Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Under no conceivable definition of "hostile work environment" does the discretionary withholding of a job vacancy file constitute an "extreme circumstance" creating a hostile work environment, particularly in the absence of any link between the refusal and an alteration to the terms or conditions of Heamstead's employment. Therefore, the second count was properly dismissed.

For the first time on appeal, Heamstead contends that he was deprived of his property interest in employment without due

process. Nowhere in the district court did he mention the Constitution, let alone make a Fifth Amendment due process claim. Hence, this claim is not properly before the court. *See Director, Office of Workers' Comp. Programs v. Edward Minte Co.*, 803 F.2d 731, 735–36 (D.C.Cir. 1986).